**RECORD NO. 16-4554(L)**
**CONSOLIDATED W/16-4567**

**IN THE**

# United States Court of Appeals

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

KIMBERLY MCINTOSH,

*Defendant - Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

(The Honorable James K. Bredar, U.S.D.J.)

**OPENING BRIEF OF APPELLANT**
**KIMBERLY MCINTOSH**

Marc Gregory Hall
Law Offices of Marc G. Hall, P.C.
7474 Greenway Center Drive
Suite 150
Greenbelt, Maryland 20770
(301) 313-0209 Telephone
mghlaw@mac.com

*Counsel for Appellant*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# TABLE OF CONTENTS

**Page**

Table of Contents ........ i

Table of Citations ........ ii

Statement of Subject Matter and Appellate Jurisdiction ........ 1

Statement of the Issues Presented for Review ........ 2

Statement of the Case ........ 2

Statement of Facts ........ 2

Summary of the Argument ........ 5

Argument ........ 5

Standard of Review ........ 5

**Whether Appellant was improperly sentenced, through an unconstitutional consideration of facts or application of the United States Sentencing Guidelines, or whether the trial court imposed an illegal sentence without regard to the important constitutional considerations set forth in 18 U.S.C. § 3553?** ........ 6

Conclusion ........ 7

Waiver of Oral Argument ........ 8

Certificate of Compliance ........ 9

Certificate of Service ........ 10

# TABLE OF CITATIONS

Page

**Cases**

*Anders v. California*,
386 U.S. 738 (1967) .................... 5

*United States v. Pridgen*,
64 F.3d 147 (4th Cir. 1995) .................... 2

**Statutes**

18 U.S.C. § 3231 .................... 1

18 U.S.C. § 3553 .................... 2, 6, 7

18 U.S.C. § 3742 .................... 2

18 U.S.C. § 3742(a)(1) .................... 1

28 U.S.C. § 2255 .................... 7

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

**No(s). 16-4554**
**16-4567**

---

**UNITED STATES OF AMERICA,**

**Appellee,**

**v.**

**KIMBERLY McINTOSH**
**Appellant.**

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

**(THE HONORABLE JAMES K. BREDAR**
**UNITED STATES DISTRICT COURT JUDGE)**

---

**ANDERS BRIEF OF APPELLANT**

---

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This is an appeal from a final judgment in a criminal case, entered against Appellant on August 31, 2016. The United States District Court for the District of Maryland had original jurisdiction over this case under 18 U.S.C. § 3231. The United States Court of Appeals for the Fourth Circuit has appellate jurisdiction over this case under 18 U.S.C § 3742(a)(1) and

*United States v. Pridgen*, 64 F.3d 147 (4th Cir. 1995). By Notice of Appeal filed on September 2, 2016, appellant requests this Court to review her plea and sentence pursuant to the provisions of 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Whether Appellant was improperly sentenced through an unconstitutional consideration of facts or application of the United States Sentencing Guidelines, or whether the trial court imposed an illegal sentence without regard to the important constitutional considerations set forth in 18 U.S.C. § 3553?

## STATEMENT OF THE CASE

Appellant was charged with Possession with Intent to Distribute Heroin in the United States District Court for the District of Maryland. Appellant, McIntosh, pled guilty to Count One on January 14, 2016. The appellant was also charged with violation of supervised release stemming from an earlier case. Both cases were handled at the same time in the district court. The defendant was sentenced on August 31, 2016. A timely notice of appeal to the United States Court of Appeals for the Fourth Circuit was filed.

## STATEMENT OF THE FACTS

Factually, the plea agreement indicated the appellant entered a plea of guilty in the United States District Court for the District of Maryland to

participating a racketeering enterprise, the Black Guerrilla Family (BGF), in Criminal Number WDQ-09-0183. On January 12, 2012, the Defendant was sentenced to imprisonment for 60 months in the Bureau of Prisons (BOP) followed by a period of Supervised Release of three years. The Defendant was released from the BOP and began a term of Supervised Release on February 12, 2014. In June of 2015, the BOP Investigative Unit contacted the United States Office of Parole and Probation in the District of Maryland, and advised that the Defendant was sending money to various inmates in the BOP. According to the BOP investigator, the Defendant had mailed in excess of $4,000 to 36 different inmates, including several of her co-defendants and admitted BGF members from Criminal Number WDQ-09-0183. The continued contact with felons constituted a violation of her standard conditions of Supervised Release, and a warrant was issued for her arrest.

Based upon the information provided by BOP, law enforcement, believing that the Defendant was continuing to participate in the affairs of BGF, obtained a federal search and seizure warrant for the Defendant's home. On October 20, 2015, the warrant was executed at 1017 East Preston Street in Baltimore, Maryland. The Defendant was arrested exiting the location. During the search, law enforcement recovered from the

Defendant's bedroom three plastic bags containing a hard, brown substance, later determined to be approximately eleven grams of heroin; approximately 70 gelatin capsules of heroin, packaged for street-level sale; cutting agent; sifters; spoons; and a digital scale with heroin residue, all used in the preparation of heroin for distribution. In addition to the heroin and drug distribution paraphernalia, law enforcement also recovered hundreds of letters, photographs and correspondence between the Defendant and inmates at various state and federal correctional facilities written or received by the Defendant during the period of her Supervised Release.

Sentencing was held on August 31, 2016. At sentencing the parties agreed that the Pre-Sentence Report was correct in that the writer had included all of the above noted downward departures. The PSR writer found the appellant to be at an offense level 12 and a criminal history level of III. The final guideline range was 15-21 months for the Possession with Intent to Distribute. For the violation of supervised release the PSR writer found a guideline range of 3-9 months based upon a Grade C violation. The Court sentenced the appellant to 18 months as to the new offense and 6 months consecutive as to the violation of supervised release.

## SUMMARY OF THE ARGUMENT

Counsel reasonably believes that, based upon the records in the district and appellate courts, there are no viable grounds for this appeal on the issue of guilt or innocence.

Appellant requested an appeal in this matter. In furtherance of his investigation of any outstanding issues, counsel for appellant has re-reviewed the file at length, communicated with the defendant and reviewed issues of concern to the appellant. Counsel has also reviewed the transcripts of the district court proceedings.

The result of this analysis by counsel is that there is no basis in the record upon which to carry forward any direct appeal with regard to the issue of the guilt or innocence, or as to the sentencing of appellant. Counsel has determined that there are no cognizable issues, which could be raised on the part of appellant. Therefore, counsel has determined to file this *Anders* brief (per *Anders v. California*, 386 U.S. 738 (1967)) on behalf of appellant.

## ARGUMENT

### Standard of Review

Upon a filing of a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), the Court of Appeals conducts a full examination of the record to determine independently whether the appeal is wholly or partially frivolous.

The Court may dismiss the appeal insofar as federal requirements are concerned as to the issues so implicated.

## ISSUE

**Whether Appellant was improperly sentenced, through an unconstitutional consideration of facts or application of the United States Sentencing Guidelines, or whether the trial court imposed an illegal sentence without regard to the important constitutional considerations set forth in 18 U.S.C. § 3553?**

Based on counsel's analysis and research on the issues raised by the appellant in correspondence and the lack of any new facts or matters, counsel is confident that there are no issues that may be appealed as to his sentence. Furthermore, a review of the plea colloquy demonstrates that the court properly advised the defendant of the possible penalties, advised her of the rights she gave up by pleading guilty and insured that the appellant made a knowing and intelligent waiver of those rights.

At the change of plea proceeding on January 14, 2016 the district court made an extensive and complete inquiry into appellant's understanding of and satisfaction with the plea. The court further inquired of the appellant's understanding of the process at sentencing and that there were no promises or agreements regarding either the guideline range or his criminal history. From the record, the plea clearly was informed and voluntary, as appellant repeatedly affirmed. The detailed plea agreement and specific

statement of facts had been reviewed and signed by the appellant and by counsel, which she affirmed under oath on January 14, 2016. The court accepted the plea and found appellant guilty. The appellant also made a knowing and voluntary admission as the the violation of supervised release.

At sentencing, the court appears to have made a thorough analysis of the sentencing guidelines and applied them along with the other important factors listed in 18 U.S.C. § 3553. The court in fact gave the defendant a sentence within the guideline range found in the PSR.

As a result, appellate counsel is constrained to conclude that there simply is nothing **in this record** that suggests grounds to support the issues appellant seeks to raise, that his sentence is legally challengeable. Appellant is free to seek relief under 28 U.S.C § 2255, challenging the effectiveness of trial counsel or the volitional basis for her plea. Such a proceeding will permit her to supplement the record with additional testimony and evidence, beyond that which has been presented to the district court and this Court. On this record, however, he is without recourse on this issue.

## CONCLUSION

Pursuant to the requirements of *Anders v. California*, 386 U.S. 738 (1967), counsel for appellant hereby certifies that he has expended substantial time in the review of the facts and legal issues in this matter, the

review of the entire file in the district and appellate courts, and has exhausted all possible avenues of issues for appeal.

It is the considered opinion of appellate counsel that there are no legal issues that were raised before the United States Court of Appeals which were not either waived, abandoned or withdrawn by appellant, or which were disposed of properly by the Courts. Accordingly, appellate counsel believes that there are no legitimate grounds for a direct appeal on the record of this matter to the Court of Appeals. The record in this matter regarding these issues nonetheless is submitted for independent review by this Court, in the event error exists which has been overlooked by appellate counsel.

Respectfully submitted,

Law Office of Marc G. Hall, P.C.

/S/

Marc G. Hall, Esq.
7474 Greenway Center Drive,
Ste. 150
Greenbelt, Maryland 20770
(301) 313-0209

**WAIVER OF ORAL ARGUMENT**

The issues in this appeal have been completely research and briefed by appellate counsel, and the facts in support thereof have been fully

documented, as set forth in the materials in the Joint Appendix. Appellate counsel therefore believes that the Court is in a position to rule on this matter without the benefit of additional argument by counsel for the parties.

Nevertheless, should the Court feel otherwise, counsel hereby advises the Court that he is ready to appear for oral argument upon request, and to respond therein to any question the Court may have upon its full review of the briefs and record in this matter.

/S/
Marc G. Hall
Counsel for Appellant

**CERTIFICATE OF COMPLIANCE**

1. This brief of the appellant has been prepared using Microsoft Word software, Times New Roman font, 14 point proportional type size.

2. EXCLUSIVE of the corporate disclosure statement; table of contents; table of authorities; statement with respect to oral argument; any addendum containing statutes, rules, or regulations, and the certificate of service, this brief contains 1,660 words.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

/S/
Marc G. Hall
Counsel for Appellant

**CERTIFICATE OF SERVICE**

In accordance with Rule 25 of the Rules of the United States Court of Appeals for the Fourth Circuit, I hereby certify that I have this 27th day of January, 2017, filed the required copies of the foregoing *Anders* Brief of Appellant in the Office of the Clerk of the Court via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to:

James Wallner,
Assistant United States Attorney,
36 S. Charles Street,
Baltimore, MD 21901,
Counsel for Appellee.

/s/
Marc G. Hall
Counsel for Appellant